CATHERINE GRAHAM, JOHN GRAHAM AND ROSANNA GLACKEN, RESPONDENTS *v.* MARY C. LIVINGSTON, EXECUTRIX, JOHN TOMFORD AND HENRY TOMFORD APPELLANTS.

*Will — conversion of real into personal estate — discretion given to executors.*

An intention on the part of a testator; to have his real estate converted into personalty, or treated as such, is not rendered less imperative, nor will the real estate fail to be regarded as personalty, by reason of his giving to his executors a discretion, as to the time, manner and terms of sale.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought by the heirs at law of John Graham, who died July 9, 1854, for the purpose of setting aside a fore-closure, of a mortgage made by him, on premises in the city of Brooklyn, on the ground that the summons in the foreclosure suit was not served upon his heirs at law but only upon his executors. The second clause of his will was as follows:

Second. All my estate, both real and personal, I do hereby give and devise to my executors hereinafter named, and to the survivor or survivors of them, to have and to hold the same and every part and parcel thereof, to them and to the survivor or survivors of them, in fee simple, absolute, in trust; nevertheless, at such time or times, and whenever my said executors, or a majority of them, shall deem it fit or proper, to sell at public or private sale all or any part of my estate, upon such terms and conditions as they, or a majority of them, may deem proper or fit, and to execute to the purchaser or purchasers thereof good and proper deed, deeds, or other instruments in fee simple abso-lute, and to receive from such purchaser or purchasers the con-sideration money for such purchase or purchases, and to take securities for the amount of the sale or sales so made by them. And upon this further trust, to pay and apply the said purchase-money to my wife, during the time she shall remain my widow, but no longer, for the support of herself and any children of

mine born or who may be born in lawful wedlock. And upon this further trust, after the death or marriage of my said wife, to divide any residue left of my estate to and among my children, share and share alike, and to and among any heirs of any of my children who may be deceased at the time of the death of my said wife, so that the heirs of such children shall receive the share or portion that would have come to the deceased parent if living.

It was decided at the Special Term that the legal effect of this clause was only to create a power in trust in the executors; that the real estate descended to the plaintiffs subject to the power; that they were necessary parties to the foreclosure, and that not having been made parties, their rights and interests were not affected by it.

*Elial F. Hall,* for appellant Livingston.

*Clement & Crooke,* for appellants Tomford.

*D. P. Barnard,* for the respondents. There was no conversion of the real estate into personalty in this case. An action for relief, not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued. But section 101 says: "If a person entitled to bring an action mentioned in the last chapter (section 97 is in the last chapter), * * * be at the time the cause of action accrued, either one within the age of twenty-one years." The time of such disability is not a part of the time limited for the commencement of the action. In this action one of the plaintiffs, at the time of the commencement of this action, was within the age of twenty-one years, and still is, and was when the cause of action accrued. This being a bill to redeem, it was necessary that all the plaintiffs should bring the action. (*Harris* v. *Clark,* 3 Seld., 242; *Allen* v. *Dewitt,* 3 Comst., 276; *Hall* v. *McLaughlen,* 2 Brad., 107; *Germand* v. *Jones,* 2 Hill, 569; *Stenicher* v. *Dickinson,* 9 Barb., 576; *Slocum* v. *Slocum,* 4 Edw., 613; *Wright* v. *Trustees of Methodist Episcopal Church,* 1 Hoff., 202; *Nodine* v. *Greenfield,* 7 Paige, 554; *Catton* v. *Taylor,* 42 Barb., 578; *Brownson* v. *Gifford,* 8 How. P. R., 389; *Boynton* v. *Hoyt,* 1 Den., 53; *Reid* v. *Underhill,* 12 Barb., 113; *Jackson* v. *Schauber*

7 Cow., 187; *Jackson* v. *Potter*, 4 Wend., 672; *In re Fox's Will*, 52 N. Y., 537.)

BARNARD, P. J.:

The devise to the executors in trust conveyed to them no estate in the lands, for the reason that no power is given them by the will to recover the rents and profits. (2 R. S. [5th ed.], 20, § 75 [old § 56].) I think, however, by the will itself, the real estate in question was equitably converted into personalty at the death of the testator. The real and personal estate combined is given the executor in trust, "at such time or times, and whenever my said executors, or a majority of them, shall deem it fit and proper to sell, at public or private sale, all or any part of my estate upon such terms and conditions as they, or a majority of them, may deem proper and fit, and to execute to the purchaser or purchasers thereof good and proper deed or deeds, or other instruments in fee simple absolute, and to receive from such purchaser or purchasers the consideration money of such purchases or purchase, and to take security for the amount of the sale or sales so made by them; and upon the further trust, to pay the said purchase money to my wife during the time she shall remain my widow, but no longer, for the support of herself and any children of mine born or who may be born in lawful wedlock; and upon the further trust, after the death of or marriage of my said wife, to divide any residue left of my estate to and among my children, share and share alike, and to and among any heirs of any of my children who may be deceased at the time of the death of my said wife, so that the heirs of such child shall receive the share or portion that would have come to the deceased parent if living."

By a subsequent clause of the will the provision thus made is "in lieu and bar" of dower. It was absolutely the intention of the testator to "out and out" convert all the real estate into personalty, and that the proceeds of such real estate should be made into one fund with the personalty. The plaintiff claims, however, that the testator did not absolutely direct the sale, but left it to the discretion of the executors whether to sell or not. In such case it is clear that the doctrine of equitable conversion does not apply.

As I read this will the testator has unconditionally directed the

sale, leaving the time, the manner and the terms of sale to the discretion of the executors.

No other provision is made for the support of his family but from the entire fund, made up of real and personal estate. It could not have been the intention of the testator to leave it in the power of the executors, by a refusal to sell the land, to prevent the formation of the fund out of which his family were to be supported. The application of the entire fund derived from real and personal estate is to be made, and not solely of the interest or proceeds thereof. Until a sale of the land therefor, the first step toward the execution of the will is not taken. The failure to give to the executors power to receive rents and profits of the land favors this view. It was turned into personalty and treated as personalty in the will. It was not intended that it should remain land. The distribution after his wife's death is of "any residue left."

It being the intention of the testator to have a sale made of his lands, and that the proceeds be turned into personalty. This will does not, in this respect, become inoperative by giving his executors a discretion as to the time, manner and terms of sale.

In *Phelps* v. *Pond* (23 N. Y., 69), the power to sell was "either at public or private sale, and upon such terms as they (the executors) might think conducive to the interests of my estate." It was held that the real estate was converted into personalty "upon the established principles of equitable conversion."

In *Stagg* v. *Jackson* (1 Comst., 206), power was given to sell "whenever they (the executors) should see fit," the court say : The intent and direction of the testator to sell the land was absolute or "out and out" for all purposes.

The discretion of the executors, in respect to the sale, related merely to the time when, etc., citing many authorities.

Under these cases the direction was absolute, and the performance of the duty could have been enforced. (2 R. S. [2d ed.], 734, § 96.)

My conclusion is that the children of the deceased had no legal title to the land, and that the judgment is erroneous and should be reversed.

TALCOTT and PRATT, JJ., concur.

Judgment reversed and new trial granted, with costs to abide event.